UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL ACTION NO. 5:08cr20-DCB-LRA

CHARLES W. GAVIN A/K/A CHARLIE
GAVIN and
CHARLES MCCULLOUGH                                              DEFENDANTS

## ORDER

This criminal cause is before the Court on the defendant Charles McCullough's Motion for Judgment of Acquittal [docket entry no. 158] and on the defendant Charles Gavin's Motion for Judgment of Acquittal, for a New Trial and for an Arrest of Judgment [docket entry no. 159]. Both defendants made their Rule 29 motions at the close of the government's case-in-chief and have now renewed their motions post-trial within the time required by Rule 29. The Court, having reviewed the motions, now finds and orders and follows:

Gavin and McCullough, along with two other defendants, Linda Salley and Amanda Stacy, were tried before a jury beginning on Monday, April 20, 2009, and continuing through Tuesday, April 28, 2009, in Jackson, Mississippi. At the close of the government's case-in-chief, the Court granted Rule 29 motions as to defendants Salley and Stacy, but denied the Rule 29 motions of Gavin and McCullough. As to both of these remaining defendants, the jury returned a verdict of guilty as to the single count contained in

the indictment. Gavin and McCullough now renew their motions for acquittal pursuant to Rule 29.

The only ground for a motion for judgment of acquittal is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment. <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>United States v. Cox</u>, 593 F.2d 46 (6th Cir. 1979). In ruling on a motion for judgment of acquittal challenging the sufficiency of the evidence, the Court must determine "whether the relevant evidence, viewed in the light most favorable to the government, could be accepted by a reasonably-minded jury as adequate and sufficient to support the conclusions of the defendant's guilt beyond a reasonable doubt." <u>United States v. Burns</u>, 597 F.2d 939, 941 (5th Cir. 1979). "In reviewing testimony for determining a Rule 29 motion, questions of the weight of the evidence or of the credibility of the witnesses [are] foreclosed by the jury's verdict." <u>United States v. Cohen</u>, 455 F.Supp. 843, 852 (E.D. Pa. 1978), <u>aff'd</u> 594 F.2d 855 (3d Cir. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2169, 60 L.Ed.2d 1050 (1979).

<u>Charles McCullough</u>

McCullough claims that he is entitled to a judgment of acquittal because the government failed to prove that he was a knowing and voluntary participant in an agreement with co-defendant Gavin to commit a murder for hire. McCullough contends that the government's proof against him consists entirely of a few recorded

2

telephone calls between McCullough and Amanda Stacy and a single letter written by Gavin that was found in McCullough's possession. This evidence, McCullough submits, is insufficient for a reasonable juror to have found beyond a reasonable doubt that he was guilty of conspiracy to commit a murder for hire.

The Court finds that the evidence in the case, viewed in the light most favorable to the government, supports the jury's guilty verdict. First, Special Agent Bohls testified that he gave the contact number for "Ed" directly to Charles McCloud. Second, McCloud testified that he gave the phone number only to Charles Gavin. Third, taped telephone conversations revealed that McCullough had obtained and was relaying to Stacy the phone number for "Ed", a very detailed description of Doug Evans (a description known only by Gavin), and contact information for "Mae Ree", whose phone number corresponds with that of an authorized "Mae Ree" on Gavin's phone logs. This evidence supports the jury's conclusion that McCullough had entered into an agreement with Gavin and that Gavin had given this information directly to McCullough.

McCullough further contends that the evidence does not support a finding that he had the intent to participate in a murder for hire. Instead, McCullough argues that the message he relayed to Stacy is more consistent with a drug-deal theory than a murder for hire theory because the message did not contain a last name or street address for the target. This argument is unpersuasive.

3

Throughout the calls he makes to Stacy, McCullough makes certain that Stacy is taking precautions to block her phone number from identification, indicating his knowledge of the illegal nature of the activity. Furthermore, the message McCullough gave to Stacy included a detailed physical description of Doug Evans and instructions to place a confirmation call once Doug had been "take[n care of." The Court finds these messages in their totality to be of such a nature to support the jury's finding that McCullough had the requisite intent to commit a murder for hire.

In sum, the Court finds that the evidence as to Charles McCullough supports the jury's verdict. McCullough's motion is denied.

Charles Gavin

Gavin contends that a Rule 29 acquittal is warranted for two reasons: (1) because the government failed to prove an agreement between Gavin and any other individual (other than McCloud who cannot be a co-conspirator) to commit a murder for hire and (2) because the government failed to prove that anything of pecuniary value was received, promised, or agreed to be paid.

As to Gavin's first argument, the Court has already concluded that the government provided sufficient evidence to support the jury's conclusion that Gavin and McCullough entered into an agreement to commit a murder for hire. As such, the Court turns to Gavin's second argument.

Second, Gavin contends that the government failed to prove the pecuniary value element of conspiracy to commit murder for hire. As the Court understands it, Gavin's position is that, because he had money available in his commissary account and in certificates of deposit, the pecuniary value element could only be satisfied by showing a payment or promise to pay actual money. This position is not in accord with the statute under which Gavin was convicted. 18 U.S.C. § 1958 defines "anything of pecuniary value" to include "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage." At trial, the government put forth evidence that Gavin had executed a Uniform Commercial Code (UCC) document that purported to transfer his rights in certain money to McCloud. There was also testimony at trial that these documents are viewed in prison as items of value. The Court finds that this evidence was sufficient for a reasonable jury to find that the pecuniary value element of the conspiracy had been proven.

In sum, in addition to its earlier finding that the government sufficiently proved an agreement between Gavin and McCullough to commit a murder for hire, the Court finds that the government provided adequate evidence as to the pecuniary value element of the conspiracy. For these reasons, Gavin's Rule 29 motion is denied.

Gavin also makes a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. That rule gives the

trial court discretion to order a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  Unlike with a motion for judgment of acquittal pursuant to Rule 29, when a defendant makes a motion for a new trial, the court "may weigh the evidence and assess the credibility of the witnesses during its consideration of the motion for a new trial." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997).  Importantly, however, "the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.  The evidence must preponderate heavily against the verdict, such that it would be miscarriage of justice to let the verdict stand." Id. at 1118 (citing United States v. Martinez, 763 F.2d 1297, 1312-13 (11th Cir. 1985)).

In support of his motion, the defendant not only asserts the arguments already addressed herein but also makes two additional arguments: (1) that the Court erred in restricting the cross-examination of McCloud and (2) that the jury was misled by certain statements made during the course of the trial.  The Court has reviewed Gavin's claims and, considering the standard outlined above, finds that no new trial is warranted.  Accordingly, Gavin's request for a new trial pursuant to Rule 33 is denied.

Finally, the title and conclusion of Gavin's motion indicate that he is moving the Court for an arrest of judgment pursuant to Federal Rule of Criminal Procedure 34.  However, Rule 34 is not

referenced anywhere in the body of Gavin's motion, nor does the Court find any argument therein that suggests that Rule 34 is relevant to this case. Therefore, this portion of Gavin's motion is denied. Accordingly,

**IT IS HEREBY ORDERED** that Charles McCullough's Motion for Judgment of Acquittal [docket entry no. 158] is DENIED.

**IT IS HEREBY FURTHER ORDERED** that Charles Gavin's Motion for Judgment of Acquittal, for a New Trial and for an Arrest of Judgment [docket entry no. 159] is DENIED.

**SO ORDERED**, this the 10th day of June 2009.

                                      s/ David Bramlette
                                  **UNITED STATES DISTRICT JUDGE**